IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff/Respondent, | * | |
| | * | |
| vs. | * | No. 4:06cr00368 SWW |
| | * | |
| | * | |
| | * | |
| PETER CHRISTIAN BOULETTE, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| JAMES LADNER, | * | |
| | * | |
| Movant. | * | |

ORDER

Before the Court is a pro se motion of movant James Ladner (Ladner) to recover property

pursuant to Fed.R.Crim.P. 41(g) [doc.#25].  Ladner, who is serving a sentence imposed in

another case, seeks the return of certain property he states was surrendered to and/or seized by

the government in connection with the above-styled case.  The government has responded in

opposition to Ladner's motion.  Having considered the matter, the Court denies Ladner's motion

to recover property.

Ladner states that he was arrested in September 2006 and later sentenced to 100 months

incarceration and 60 months of supervised release.[1]  Ladner states that before he was received

into custody "in order to serve the sentence of the Court," he surrendered or had seized certain

personal property which was in the possession of Peter Christian Boulette (Boulette), the

---

[1] Ladner's conviction must have occurred in another district as the Clerk's Office for the Eastern District of Arkansas has no records concerning Ladner other than the motion now before the Court.  Ladner is currently incarcerated in a federal prison in Florida.

defendant in the above-styled case.  Ladner states that the property in question is certain personal tangible property belonging to himself that includes, but is not limited to, "equipment and tools of [his] trade, vehicles, documents, electronics, office materials, currency and other personal and professional items."  Ladner states that these items are no longer essential for any current investigation and should be returned to his control and possession.

In response, the government notes that the original arresting agency was the Van Buren County, Arkansas, Sheriff's Department and that at some later time, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) participated in the investigation of Boulette's federal firearms violations, to which Boulette ultimately pleaded guilty.  The government notes that the ATF seized and ultimately legally disposed all the firearms, firearms tools, holsters and ammunition involved in this matter, and that the ATF also obtained custody during this investigation of some apparently false or fraudulent documents with Boulette's photograph, books and other information describing how to falsify identification documents, as well as a notary's seal (apparently from Mississippi) with the name of Ladner.[2]  The government states that these items, with the exception of the notary stamp, all appear to have belonged to Boulette, and it is not clear that the seal did not also belong to Mr. Boulette.  The government states that all of the items were destroyed following the finality of Boulette's conviction, with the exception of the seal and a "how to" false identification manual, and that there is no other property from the Boulette arrest that was in the custody of the ATF that has not been returned to the Van Buren County Sheriff's Office or disposed of lawfully.  The government states that it does not appear that any of the items seized by ATF belonged to Ladner or could legally be possessed by

---

[2] The government states that a records check with the Mississippi Secretary of State's office reflects that Ladner is not a notary in Mississippi.

him, and that furthermore, the United States does not possess equipment, tools, vehicles, documents, electronics, office materials, currency or other personal or professional items claimed by Ladner.

Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return.  *See* Fed.R.Crim.P. 41(g).  The movant must establish lawful entitlement to the property.  *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008) (citation omitted). The court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing.  *Id.*  This burden is often satisfied by showing that the property was seized from the movant's possession, as a person from whom property is seized is presumed to have a right to its return.  *Id.*  The government must then establish a legitimate reason to retain the property, which may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's.  *Id.* at 397.  A Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.  *Id*. (citation and internal quotation marks omitted).

The Court denies Ladner's motion to recover property as the government represents that it does not possess equipment, tools, vehicles, documents, electronics, office materials, currency or other personal or professional items claimed by Ladner; the government cannot in these circumstances return that which it does not possess.  Even if the government was in possession of the property Ladner seeks, that property (and the property that *was* seized by the government, which, as noted, does not in large part fit the description of the items provided by Ladner) was not seized from Ladner's possession but by Ladner's own admission was seized from Boulette.

Ladner thus has not satisfied his initial burden of establishing lawful entitlement to the property.[3]

Merely stating that he is the owner of property that was seized from another is a general or

conclusory assertion that will not suffice in the context of a Rule 41(g) motion.  *United States v.*

*Bailey*, Crim. No. 03-370 ADM/AJB, 2009 WL 4730766, at *2 (D.Minn. Dec. 4, 2009) (citing

*United States v. Dean*, 100 F.3d 19, 21 (5th Cir. 1996)).  Rather, "[f]actual allegations in the

[movant's] motion must be 'sufficiently definite, specific, detailed, and nonconjectural, to enable

the court to conclude that a substantial claim is presented.'"  *Dean*, 100 F.3d at 21 (quoting

*United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983)).  Ladner's motion falls far short of

being sufficiently definite, specific, detailed, and nonconjectural to enable the Court to conclude

that a substantial claim is presented.

IT IS THEREFORE ORDERED that Ladner's motion to recover property [doc.#25] be

and it hereby is denied.

Dated this 19th day of April 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[3] As previously noted, the government states that the majority of the property it seized in connection with the above-styled case has been destroyed, disposed of lawfully, or returned to the Van Buren County Sheriff's Office.